UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER L. SPRANKLE,

    Plaintiff,

v.

EMBRAER EXECUTIVE AIRCRAFT, INC.,

    Defendant.

CASE NO.: 23-CIV-2285-CEM-EJK

**FIRST AMENDED COMPLAINT**

Now comes the Plaintiff in the above-entitled action and says as follows:

Plaintiff **CHRISTOPHER SPRANKLE** (Plaintiff), by and through his attorneys at Law Office of Joseph T Peckham, PLLC, as and for Plaintiff's First Amended Complaint in this action against Defendants EMBRAER EXECUTIVE AIRCRAFT, INC. (Defendant or the Company) alleges upon personal knowledge and upon information and belief as to other matters as follows:

**PRELIMINARY STATEMENT**

1. This is an action seeking declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against

Plaintiff, including Defendant's unlawful interference with, restraint, and/or denial of Plaintiff's rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA") and/or retaliation for exercising rights protected by the FMLA.

2. Specifically, Defendant(s)violated the FMLA by unilaterally revoking Plaintiff's intermittent leave without engaging in an iterative process with Plaintiff to identify how to accommodate Plaintiff's ongoing need for leave.  At the time of this revocation, Plaintiff had not exhausted his FMLA leave allowance, had a continuing need for the leave and was lawfully entitled to the leave.

3. Defendant terminated Plaintiff's Employment on or about July 12th, 2021.

4. Defendant's action constituted retaliation against Plaintiff for exercising his right to intermittent leave under the Family Medical Leave Act.

5. Defendant's conduct was willful, and Plaintiff is entitled to liquidated damages under the FMLA, and such other legal and equitable relief as the Court deems just and proper.

**PARTIES**

6. Plaintiff Christopher Sprankle is a former employee of one or more Defendants, but upon information and belief was employed by EMBRAER EXECUTIVE AIRCRAFT, INC as a painter. Defendant employed Plaintiff as a painter from October 2018 to July 12th, 2021.

7. Plaintiff is a resident and domiciliary of Palm Bay, Florida.

8. At all relevant times, but no later than October 2019, Plaintiff met the definition of an "eligible employee" under the FMLA because he worked for Defendant at a location with 50 or more employees within a 75-mile radius, worked more than 1,250 hours for Defendant within the 12 months preceding the leave for which FMLA leave was requested and had a family member who has a qualifying serious health condition to wit: his minor son (born June 2017) has CLOVES Syndrome diagnosed c. June 2018.

9. Defendant EMBRAER EXECUTIVE AIRCRAFT, INC. is a Foreign Profit Corporation incorporated in Delaware and registered to do business in the State of Florida with a principal place of business located at 1205 General Aviation Drive Melbourne, FL 32935.

10. At all relevant times, Defendant met the definition of an "employer" under the FMLA because Defendant had 50 or more employees during the relevant events identified in this complaint

## JURISDICTION AND VENUE

11. Plaintiff originally commenced this action in the Eighteenth Judicial Circuit Court of Florida.

12. Defendant removed this matter to Middle District Court on or about November 28th, 2023.

13. Venue is proper in the Middle District of Florida because Defendant maintain 2008 General Aviation Drive Melbourne, FL 32935 as an office for doing business and due to Defendants' actions committed against Plaintiff at 2008 General Aviation Drive Melbourne, FL 32935.

14. Following this removal, Defendant moved to dismiss the complaint under FRCP 12(b)(6) which the court denied for Defendant failure to comply with Local Rule 3.01(g).

15. The parties thereafter stipulated that the Plaintiff was authorized to file an amended complaint on or before December 15th, 2023.

## FACTUAL ALLEGATIONS

### Plaintiff's Employment with Defendant(s)

16. Defendant EMBRAER EXECUTIVE AIRCRAFT, INC hired Plaintiff on or around October 2018 as a painter.

17. Defendant continuously employed Plaintiff as a painter from October 2018 to July 12th 2021.

18. Plaintiff remained in the role of painter with Defendant(s) until his termination on or about July 12th, 2021.

19. As a painter, Plaintiff was responsible for finish painting aircraft brought to the Defendant facility in Melbourne.

20. Plaintiff's performance was recognized as satisfactory by and through a performance-based raise in 2021.

## PLAINTIFF'S NEED AND QUALIFICATION FOR FMLA INTERMITTENT LEAVE OF ABSENCE

21. Plaintiff commenced working with Defendant(s) as a leased employee through a temporary agency in August 2018.

22. At the time he commenced work Plaintiff disclosed he is father to a son born in 2017 and who had been diagnosed with CLOVES syndrome in June 2018.

23. Upon Information and Belief, the source of said information being National Institute of Health website CLOVES syndrome is a rare condition that is primarily characterized by congenital overgrowth of fatty tissue; malformations of the vascular system (the vessels that carry blood and lymph throughout the body); epidermal nevi; and spinal or skeletal abnormalities.

24. As a result of his son's illness, Plaintiff was required to take unanticipated intermittent leave from his position with Defedant as a painter to provide necessary care and attention to his son, including doctor's appointments and hands-on care.

25. Plaintiff worked for Defendant more than 1250 hours in any 52-week period for all times relevant to this complaint.

26. Plaintiff at all relevant times had a family member who has a qualifying serious health condition to wit: his minor son (born June 2017) has CLOVES Syndrome diagnosed c. June 2018.

27. Plaintiff's need for immediate intermittent leave was unpredictable and ongoing throughout his tenure with Defendant as CLOVES syndrome patients experience frequent medical issues, including dangerous blood clots, without any advance symptoms.

## DEFENDANTS' RETALIATION AGAINST PLAINTIFF

28. Plaintiff engaged in protected activity under the FMLA when he requested and/or took various leaves of absence intermittently to care for his son.

29. The FMLA requires that an employer must provide intermittent leave to a qualifying employee with a dependent with a qualifying condition.

30. Defendant had knowledge that Plaintiff had need for and was qualified for FMLA protected leaves of absence to wit: Plaintiff routinely communicated his need for protected leave, both planned and unplanned, to his various supervisor(s) or lead(s), usually through SMS messaging.  Defendant invariably granted the leave without qualification, through various channels to wit: SMS exchanges , verbal exchanges on the shop floor at the Melbourne Facility, and through approval of Plaintiff's submitted payroll.

31. Plaintiff's supervisors also accommodated Plaintiff by allowing Plaintiff to attend medical appointments for his minor child then make-up the missed time (i.e. 'flex' his time).  Plaintiff's supervisors during his employment authorized this time flexing either to be with his son during a flare up or attend doctor's appointments.

32. Plaintiff's multiple and ongoing notices to his supervisors provided Defendant sufficient information to reasonably determine that the FMLA applied to Plaintiff's regular requests for intermittent leave and/or flexible schedules.

33. Despite this notice to Defendants' supervisory leadership, Plaintiff never received any FMLA notice of his right to FMLA intermittent leave for his minor, nor did he receive a designation of those hours as being FMLA time.

34. In July 2021 Defendant(s)unilaterally revoked this process without providing another means for Plaintiff to exercise his rights under the FMLA.

35. At all times relevant, Defendant did not provide Plaintiff with paperwork to complete for FMLA leave.

36. At all times Relevant, Defendant did not engage in an iterative or interactive process to meet Plaintiff's needs under the FMLA

## FIRST CAUSE OF ACTION

## FMLA INTERFERENCE

37. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

38. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA.

39. At all relevant times, Defendant met the definition of an "employer" under the FMLA because Defendant(s)had 50 or more employees during the current and/or preceding calendar year.

40. Defendant violated the FMLA by unlawfully interfering with, restraining, and/or denying the exercises of Plaintiff's FMLA rights by, *inter alia*, never designating leave as FMLA leave, never providing Plaintiff with an application for FMLA leave, unilaterally revoking the informal procedure he was allowed operate under for more than three years and for exercising his rights under FMLA.

41. As a direct and proximate result of Defendant's unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief, including but not limited to recovery of his attorneys' fees, costs, in addition to interest at the prevailing interest rate.

42. Plaintiff has sought to mitigate his damages.

43. Defendant's unlawful action constitute bad faith, malicious, willful, and wanton violations of the FMLA for which Plaintiff is entitled to an award of liquidated damages.

## SECOND CAUSE OF ACTION

### FMLA RETALIATION

44. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

45. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA.

46. Defendant(s) violated the FMLA by terminating Plaintiff's employment in retaliation for Plaintiff's exercise of rights protected by the FMLA.

47. As a direct and proximate result of Defendant's unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief, including but not limited to recovery of his attorneys' fees, costs, in addition to interest at the prevailing interest rate.

48. Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of the FMLA for which Plaintiff is entitled to an award of liquidated damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that an award be issued in his favor providing the following relief:

A. A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violate the laws of the United States;

B. An injunction and order permanently restraining Defendant(s)from engaging in such unlawful conduct;

C. An order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory conduct in violation of the FMLA, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security, and other benefits of employment;

E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

G. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff claims and demands a jury trial in any court in which this action is tried.

**Dated:      December 15, 2023**

By: /s/ _____
Joseph T Peckham
Attorney for Plaintiff Christopher Sprankle
Florida Bar No. 1024835
Joe.Peckham@jpeckhamlaw.com
Law Office of Joseph T Peckham, PLLC
7025 County Rte 46A Ste 1071-333
v: 407-789-2740
f: 407-986-4848

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

## SERVICE LIST

**United States District Court for the Middle District of Florida**

*Christopher L. Sprankle v. Embraer Executive Aircraft, Inc., et al.*

**CASE NO.: 6:23-cv-02285-CEM/EJK**

Paul F. Penichet, Esq.,
Florida Bar No. 0899380
Email: Paul.Penichet@jacksonlewis.com
Brandon U. Campbell, Esq.
Florida Bar No. 0112853
Email: brandon.campbell@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Counsel for Defendants

Joseph T. Peckham, Esq.
Florida Bar No. 1024835
Email: joe.peckham@jpeckhamlaw.com
LAW OFFICE OF JOSEPH T. PECKHAM, PLLC
7025 County Rte 46A, Suite 1071-333
Lake Mary, FL 32746
Telephone: (407) 789-2740
Counsel for Plaintiff